IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

Jacob Anders

315 E Grundy Street Tullahoma, TN 37388

2563230997

Pro Se Plaintiff

v. Civil Action No:

Officer Dalton Jernigan, individually and in official capacity,

City of Tullahoma, Tennessee and County of Coffee, Tennessee

and John/Jane Does 1–6 employed by the city of Tullahoma or Coffee County,

Defendants

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 - Unlawful Arrest and Jail Conditions

Plaintiff, Jacob Anders, brings this civil rights action against Defendants for violations of constitutional rights protected by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff alleges as follows:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

2. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Coffee County, Tennessee.

II. PARTIES

3. Plaintiff is a resident of Tullahoma, Tennessee and was present on their own residential property at the time of the events described.

4. Defendant Officer Dalton Jernigan was at all relevant times a law enforcement officer employed by the City of Tullahoma Police Department. He is sued in both individual and official capacities.

5. Defendant City of Tullahoma is a municipality in Tennessee and is responsible for the policies and practices of its police department, including Officer Jernigan. Defendant County of Coffee is

a county in Tennessee and is responsible for its jail and conditions.

6. John/Jane Does 1–6 are unknown officers, employees or jail staff involved in the violations alleged herein whose identities will be added upon discovery.

III. FACTUAL ALLEGATIONS

7. On or about June 1st, Plaintiff was standing on their own front porch when a neighbor across the street made an obscene gesture ("middle finger") toward Plaintiff.

8. In response, Plaintiff stated: "Jessee Taylor is a violent criminal." Jessee Taylor is a known associate of the neighbor but was not present.

9. Plaintiff did not use any threatening, obscene, or abusive language. The speech was not repeated or directed toward Jessee.

10. Despite this, officers from the Tullahoma Police Department, including Defendant Officer Dalton Jernigan, arrived at Plaintiff's residence and immediately placed Plaintiff under arrest for "harassment."

11. Plaintiff was handcuffed and booked into custody. No probable cause existed for the arrest. While detained, Plaintiff was subjected to inhumane jail conditions including overcrowding, denial of hygiene, inadequate bedding, and cold temperatures. These conditions caused emotional distress, physical discomfort and lasting psychological harm.

12. Plaintiff was exercising his First Amendment right to free speech and expressing a constitutionally protected opinion or factual assertion. The arrest was retaliatory and conducted solely because of Plaintiff's protected speech.

13. Shortly after the incident, Officer Jernigan resigned from the Tullahona Police Department. This resignation is related to misconduct, including his involvement in this unlawful arrest.

14. The arrest caused Plaintiff emotional distress, embarrassment, financial loss, and violation of liberty.

IV. CLAIMS FOR RELIEF

COUNT I: UNLAWFUL SEIZURE / FALSE ARREST (Fourth Amendment)

15. Plaintiff incorporates all preceding paragraphs.

16. Defendant Officer Dalton Jernigan arrested Plaintiff without probable cause, without a warrant, and without lawful justification in violation of the Fourth Amendment.

COUNT II: VIOLATION OF FIRST AMENDMENT – RETALIATORY ARREST

17. Plaintiff incorporates all preceding paragraphs.

18. Plaintiff was arrested in retaliation for protected speech, violating the First Amendment. A resonable officer would have known such speech could not legally form the basis for an arrest.

COUNT III: MUNICIPAL LIABILITY (Monell Claim)

19. Plaintiff incorporates all preceding paragraphs.

20. Defendant City of Tullahoma through official policy or custom, or deliberate indifference, failed to train or supervise its officers in proper handling of and of tolerating unlawful arrests for protected speech. This policy or failure to train officers was a moving force behind the constitutional violations.

COUNT IV: CRUEL AND UNUSUAL PUNISHMENT / JAIL CONDITIONS

(Against John/Jane Doe Jail Staff and Supervisors under the Fourteenth Amendment)

21. Plaintiff incoroporates all prior paragraphs.

22. While detained, Plaintiff was subjected to objectively inhumane conditions that served no legitimate penological interest and caused harm.

23. These conditions violated Plaintiff's rights under the Fourteenth Amendment.

V. DAMAGES

24. As a direct and proximate result of Defendants' actions, Plaintiff suffered:

* Loss of liberty

*Physical discomfort

* Emotional distress

* Humiliation

* Legal expenses

* Reputational damage

* Pain and suffering

25. Plaintiff seeks both compensatory and punitive damages.

VI. RELIEF REQUESTED

3

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined at trial;

B. Award punitive damages against individual Defendants;

C. Award costs and attorney's fees under 42 U.S.C. § 1988 (if represented in the future);

D. Grant any other relief the Court deems just and proper.

Respectfully submitted,

*Jacob Anders*

Jacob Anders

Pro Se Plaintiff

Date: July 3rd 2025

4

Case 3:25-cv-00764     Document 1     Filed 07/09/25     Page 4 of 5 PageID #: 4

FROM:

Jacob Anders
315 E Grundy Street
Tullahoma, TN 37388






CERTIFIED MAIL®

9589 0710 5270 2418 3401 02

RECEIVED
JUL 09 2025
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

TO:

Clerk of Court
U.S. District Court
Middle District of TN
806 Church Street
Nashville, TN 37203

9" X 12"
DO NOT BEND

9" X 12"
DO NOT BEND